GOLDEN v. MILLER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8511. Decided May 14, 1928.

Middleton, P. J., and Mauck, J., of the 4th district, sitting.

First Publication of This Opinion.

Syllabus by Editorial Staff.

426. DURESS—413. Divorce and Alimony —787. Mortgages.
Mortgage given by father in settlement of alimony to secure release of son who has been committed to jail for contempt, not given under duress.

Appeal from Common Pleas.
Findings approved.

R. L. Ammerman, Cleveland, for Golden.
J. H. Miller, Cleveland, for Miller et.

FULL TEXT.
BY THE COURT.
The evidence in this case establishes that in 1922 the defendant Benjamin Miller, who was the former husband of the plaintiff and is the son of his co-defendants Mamie Miller and Meyer Miller, was found guilty of contempt by the Court of Insolvency of this County for failing to comply with the order of that court in respect to the payment of certain installments of alimony to the plaintiff; that thereupon said court ordered him committed to the County Jail until he complied with its order for the payment of the alimony aforesaid. His parents then executed and delivered the note and mortgage described in the petition to the plaintiff in settlement of said alimony then due and to become due to her from their son under the order of the court aforesaid, and to secure his release from the County Jail. They now contend that said note and mortgage was made and delivered under coercion and duress.

A transcript of the evidence shows that only four witnesses testified, namely, the plaintiff Rose Golden and the Honorable George S. Addams, Judge of the Probate Court of this County, who at the time mentioned was the Presiding Judge of the Insolvency Court and made the orders aforesaid. The defendants Meyer Miller and Mamie Miller also testified. There is nothing in the testimony of any of the witnesses aforesaid that shows that the plaintiff was guilty of any coercion or that the plaintiff made any threats against them or their son prior or at the time said note and mortgage were executed. The most that may be said from the facts adduced in evidence is that in the regular order of things the son was committed to the County Jail for failure to comply with the order of the court in respect to payments of alimony and that his father and mother made the note and mortgage in question to secure his release from the County Jail and the payment of the installments of alimony that had been imposed upon him by the judgment of the court.

It may be and doubtless is true that this action was not one of their own choice and to a certain extent was forced upon them and that what they did was prompted by their affection for their son and their desire to release him from the trouble into which he had fallen. These facts, however, if true, do not constitute a defense to the note and mortgage, and do not warrant any action on the part of any court of equity in relieving the defendants from their liability.

The finding must be in favor of the plaintiff and a decree may be entered herein the same as was made in the Court of Common Pleas.

(Middleton, PJ., and Mauck, J., concur.)